RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Sorangela Rodriguez, Katya Viera, and Caroline Diovada,<br><br>        Plaintiffs,<br><br>  --against—<br><br>ASPL Café Inc. d/b/a Riviera Gentleman's Club, George Dorizas, an individual, Athanasios Stagias, an individual,<br><br>        Defendants. | **COMPLAINT** |

Plaintiffs, Sorangela Rodriguez and Katya Viera ("Plaintiffs"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, ASPL Café Inc. d/b/a Riviera Gentleman's Club and George Dorizas, and Athanasios Stagias, jointly and severally (collectively referred herein as "defendants") allege:

**NATURE OF THE ACTION**

1.     This action seeks to recover unpaid overtime and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of Plaintiffs.

2.     Defendants deprived Plaintiffs of the protections of the FLSA and NYLL by

failing to pay minimum wage and premium overtime pay for all hours worked in excess of 40 hours per week.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391 because the corporate defendant is located there and the cause of action arose there.

## THE PARTIES

**Plaintiffs**

7. Defendants employed Plaintiff Sorangela Rodriguez as an Exotic Dancer to perform the following duties from on or about September 11, 2016 through July 22, 2023: performing exotic dances for clientele.

8. Plaintiff Sorangela Rodriguez was not exempt from the FLSA.

9. Defendants employed Plaintiff Sorangela Rodriguez 5 to 6 days per week, for approximately 35 to 42 hours each week.

10. Defendants paid Plaintiff Sorangela Rodriguez as follows: no wages paid.

11. Defendants employed Plaintiff Katya Viera as an Exotic Dancer to perform the following duties from on or about 2012 through December 2024: performing exotic dances for clientele.

12. Plaintiff Katya Viera was not exempt from the FLSA.

13. Defendants employed Plaintiff Katya Viera 6 to 7 days per week, for approximately 42 to 49 hours each week.

14. Defendants paid Plaintiff as follows: no wages paid.

15. Defendants employed Plaintiff Caroline Diovada as an exotic dancer to perform the following duties from on or about 2012 through December 2024: performing exotic dances for clientele.

16. Plaintiff Caroline Diovada was not exempt from the FLSA.

17. Defendants employed Plaintiff Caroline Diovada 6 to 7 days per week, for approximately 42 to 49 hours each week.

18. Defendants paid Plaintiff as follows: no wages paid.

19. In addition, the following deductions were required from Plaintiffs' pay: House Fee of $65 to $130, which includes charges for Club, DJ, Housemom and makeup, paid to Housemom.

20. Defendants did not pay Plaintiffs minimum wage or premium overtime pay for hours worked in excess of 40 hours per week.

21. Plaintiffs were not permitted an uninterrupted half hour for required meal breaks.

22. Plaintiffs were each an "employee" of defendants within the meaning of the FLSA and the NYLL.

23. Plaintiffs did not contribute money to the maintenance of ASPL Café Inc. d/b/a Riviera Gentleman's ClubDefendants did not require Plaintiffs to have any training at ASPL Café Inc. d/b/a Riviera Gentleman's Club

**Defendants**

24. Defendant ASPL Café Inc. d/b/a Riviera Gentleman's Club, is a New York corporation with its principal executive office located at 34-48 Steinway Street, Queens, NY 11101 in the County of Queens.

25. Defendants operate an establishment providing adult entertainment an establishment providing adult entertainment located in QueensQueens County, New York.

26. Defendant ASPL Café Inc. d/b/a Riviera Gentleman's Club is in the Hospitality business.

27. Defendant ASPL Café Inc. d/b/a Riviera Gentleman's Club is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including alcohol, soda, napkins, silverware, tables, chairs, and

computers, and (2) an annual gross volume of sales in excess of $500,000.

28. Defendant ASPL Café Inc. d/b/a Riviera Gentleman's Club , is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs.

29. Defendant George Dorizas is an owner and/or officer of ASPL Café Inc. d/b/a Riviera Gentleman's Club . Defendant George Dorizas exercises sufficient control over both corporations' operations to be considered Plaintiffs' employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' employment and pay practices.

30. At all relevant times, George Dorizas has maintained control, oversight, and direction over Plaintiffs because George Dorizas hired Plaintiffs, terminated Plaintiffs, and set Plaintiffs' rate of pay.

31. Defendant Athanasios Stagias is an owner and/or officer of ASPL Café Inc. d/b/a Riviera Gentleman's Club . Defendant Athanasios Stagias exercises sufficient control over both corporations' operations to be considered Plaintiffs' employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' employment and pay practices.

32. At all relevant times, Defendant Athanasios Stagias has maintained control, oversight, and direction over Plaintiffs because Athanasios Stagias hired Plaintiffs,

terminated Plaintiffs, and set Plaintiffs' rate of pay.

33. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

34. Defendants imposed the following rules on exotic dancers: have to work on slow days to work on busy days, have to dance in outfit, outfits had to be approved, hair can't be loose, 2 or 3 girls on stage at a time, the Club calls the dancers to the stage, the Club approved schedule in advance, and the dancers cannot enter or leave with a customer

## DEFENDANTS' FAILURE TO PAY MINIMUM WAGE AND OVERTIME

35. Defendants suffered or permitted Plaintiffs to work more than 40 hours per week, without paying Plaintiffs premium overtime pay at the rate of time and one half for hours worked in excess of 40 hours per week and without paying Plaintiffs minimum wage.

36. Defendants did not issue Plaintiffs a valid tip credit notice to Plaintiffs.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

37. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

38. Defendants failed to furnish Plaintiffs with wage notices as required by § 195(1) of the Labor Law.

39. The NYLL and Wage Theft Prevention Act requires employers to provide all

employees with an accurate statement accompanying every payment of wages, which lists

the name and phone number of the employer, regular rate of pay, overtime rate of pay,

regular hours worked, overtime hours worked, gross wages, net wages, and additional

information.

40.  Defendants also failed to furnish Plaintiffs with accurate statements of wages, as

required by § 195(3) of the Labor Law.

41.  Defendants' failure to provide proper notices and wage statements impaired

Plaintiffs' ability to seek relief for violations of the wage and hour law.

42.  More specifically, Defendants' failure to provide proper notices and wage

statements deprived Plaintiffs of the ability to know how many hours Plaintiff worked each

week and/or the wage that Defendants paid to Plaintiffs.  This prevented Plaintiffs from

being able to know the precise amount of unpaid wages, thus depriving Plaintiffs of income

for a longer period of time than if Plaintiffs were able to discern the underpayment by

receiving an appropriate notice.

43.  Defendants' failure to provide proper notices and wage statements also caused

Plaintiff to suffer injury because Plaintiffs were underpaid and never advised of an

entitlement to minimum wage and/or overtime wages for hours worked in excess of 40

hours each week, thus impairing Plaintiffs' ability to advocate for lost wages under the

FLSA and NYLL.

### DEFENDANTS' UNLAWFUL DEDUCTION FROM WAGES

44.  Defendants are not permitted to deduct any money, or charge Plaintiffs any

money, from the tips, gratuities, or fees earned by Plaintiffs.

45. Defendants deducted money from Plaintiffs by requiring them to pay the following: House Fee of $65 to $130, which includes charges for Club, DJ, Housemom and makeup, paid to Housemom in violation of the New York State Labor Law, and other deductions as set forth herein.

46. Defendants never reimbursed Plaintiffs for uniforms, in violation of 22 NYCRR § 146-1.8.

**FIRST CAUSE OF ACTION**
**(FLSA – Unpaid Minimum Wage)**

47. Plaintiffs reallege, and incorporate by reference, all previous allegations as though fully set forth herein.

48. At all times relevant, Plaintiffs were each an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

49. At all times relevant, Defendants have been employers of Plaintiffs, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

50. Defendants have failed to pay Plaintiffs a minimum wage, to which Plaintiffs are entitled under the FLSA.

51. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

52. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

53. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

54. As a result of Defendants' willful violations of the FLSA, Plaintiffs have suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wage)

55. Plaintiffs reallege, and incorporate by reference, all previous allegations as though fully set forth herein.

56. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and Defendants therefore employed Plaintiffs.

57. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

58. At all times relevant, Plaintiffs were each an employee of Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

59. Defendants have failed to pay Plaintiffs minimum wage to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

60. Through their knowing or intentional failure to pay minimum wages to Plaintiffs, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

61. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

62. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest

### THIRD CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

63. Plaintiffs reallege, and incorporate by reference, all previous allegations as though fully set forth herein.

64. Defendants have willfully failed to supply Plaintiffs with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiffs as their primary language, containing Plaintiff's rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

65.  Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

66.  Due to Defendants' violation of NYLL § 195(1), Plaintiffs are entitled to recover from Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FOURTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

67.  Plaintiffs reallege, and incorporate by reference, all previous allegations as though fully set forth herein.

68.  Defendants have willfully failed to supply Plaintiffs with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

69.  Through their knowing or intentional failure to provide Plaintiffs with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

70.  Due to Defendants' violation of NYLL § 195(3), Plaintiffs are entitled to recover from the Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FIFTH CAUSE OF ACTION**
**(Unlawful Wage Deductions)**

71.  Plaintiffs reallege, and incorporate by reference, all previous allegations as though fully set forth herein.

72.  Pursuant to § 193 of the New York Labor law, defendants are not permitted to deduct anything from tips, gratuities, or fees paid to Plaintiffs.

73.  Plaintiffs were required to pay out the following each day: House Fee of $65 to $130, which includes charges for Club, DJ, Housemom and makeup, paid to Housemom.

74.  Said deductions from Plaintiff's pay, or forced expenditures, are prohibited and unlawful under § 193 of the New York Labor Law and under 22 NYCRR § 146-1.8.

75.  Because of Defendants' willful violation of Article 6 of the NYLL, Plaintiffs are

entitled to recover from Defendants, jointly and severally, the unlawful deductions from pay, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (Spread of Hours Pay)

76. Plaintiffs reallege, and incorporate by reference, all previous allegations as though fully set forth herein.

77. Defendants regularly and knowingly required Plaintiffs to be at work for a spread of hours equal to, or greater than, ten (10) hours per day.

78. Defendants knowingly, willfully, and intentionally failed to pay Plaintiffs one extra hour's pay, at the basic minimum wage, for every day in which the interval between Plaintiffs' start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

79. Because of Defendants' willful violation of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, Plaintiffs' unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter a judgment:

a. Declaring that Defendants have violated the minimum wage and overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b.  declaring that Defendants have violated the minimum wage and overtime provisions of the NYLL, and supporting regulations;

c.  declaring that Defendants have violated the Wage Theft Prevention Act;

d.  declaring that Defendants' violations of the FLSA were willful;

e.  declaring that Defendants' violations of the NYLL were willful;

f.  awarding Plaintiff damages for all unpaid wages;

g.  awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h.  awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i.  awarding Plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j.  awarding Plaintiff damages for unlawful deductions on wages, and liquidated damages and counsel fees, in violation of the NYLL;

k.  issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

l.  awarding Plaintiffs pre-judgment and post-judgment interest under the FLSA and the NYLL;

m.  granting an injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

n.   awarding Plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

o.   awarding such other and further relief as the Court deems just and proper.

Dated:    Mineola, NY
          March 11, 2024

                              RAYMOND NARDO, P.C.

                    By: _____
                              RAYMOND NARDO, ESQ.
                              129 Third St
                              Mineola, NY 11501
                              (516) 248-2121
                              Nardo@Raynardo.com
                              *Counsel for Plaintiff*